IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDGAR & MARTHA ALEXANDER, et. al.                                                    PLAINTIFF

VS.                                                                                    No. 1:03cv91-D-D

EASY FINANCE OF NEW ALBANY, INC.,
EASY FINANCE OF TUPELO, INC., AND
EASY FINANCE OF BOONEVILLE, INC                                                     DEFENDANTS

ORDER GRANTING MOTION FOR A MORE DEFINITIVE STATEMENT
AND DENYING MOTION TO DISMISS

Presently before the Court is Defendants' motion for a more definitive statement, or in the alternative, a motion to dismiss. Upon due consideration, the Court finds that the motion for a more definitive statement shall be granted and the motion to dismiss shall be denied.

The Plaintiffs originally filed this action in the Circuit Court of Monroe County, Mississippi, on December 2002, against a sole defendant, Easy Finance. The Plaintiffs alleged that Defendants wrongfully charged excessive fees on loans, fraudulently misrepresented credit life insurance, and acted unconscionably in their business dealings with Plaintiffs. On February 14, 2003, Easy Finance removed the action to this Court asserting Federal Question jurisdiction. After a series of filing and discovery disputes, it was discovered that Easy Finance was not the correct defendant in this case. On April 16, 2005, the parties and this Court held a telephone conference where it was determined by this Court that Easy Finance was not the proper defendant, and this Court gave the Plaintiffs fifteen days to amend their complaint. On May 6, 2005, the Plaintiffs filed its Amended complaint and named the current Defendants in this action.

The Defendants now move for this Court to require the Plaintiffs to plead a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. In the

alternative the Defendants move for this court to require the Plaintiffs to correct their misjoinder of parties or dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Defendants filed this motion on June 29, 2005, and Plaintiffs did not respond until September 15, 2005, seventy-eight days after Defendant's motion.

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffal v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

A pleading must contain: (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment. Fed. R. Civ. P. 8(a). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512, 122 S. Ct. 992, 988, 152 L. Ed. 2d 1 (2002) (*quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The notice pleading standard relies on discovery to define disputed facts and summary judgment to dispose of unmeritorious claims. Swierkiewicz, 534 U.S. at 512. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

The general notice pleading requirements apply to all civil actions, except for averments of fraud or mistake, which must be pled with particularity. Fed. R. Civ. P. 9(b). Because of the general notice pleading requirements, dismissal is warranted only when no relief could be granted on any set of facts consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). However, if a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definitive statement under Rule 12(e) of the Federal Rules of Civil Procedure. Swierkiewicz, 534 U.S. at 514. The Supreme Court stated that events, dates, and general information about the persons and facts were sufficient to meet the general notice pleading requirements.

The Mississippi Supreme Court recently tackled this issue in Harold's Auto Parts v. Mangialardi, 889 So. 2d 493 (Miss. 2004). In that case, there were 264 plaintiffs and 137 defendants involved in an asbestos case spanning seventy-five years. Id. The plaintiffs did not enumerate which plaintiff was exposed to which product made by which defendant. Id. at 494. That court stated, "Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that each plaintiff has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is filed." Id. That court remanded the action and made each plaintiff provide sufficient information for its claim and joinder. Id. at 495.

In the present case, there are thirty-nine plaintiffs and three defendants. Plaintiffs' complaint does not allege which plaintiff made a loan agreement with which Defendant. Also, there are no dates or any other information to give Defendants the ability to acknowledge or defend a claim. Therefore, Plaintiffs are ordered to give a more definitive statement within thirty days of this ruling or face dismissal. Plaintiffs are instructed to: (1) provide information as to

which Plaintiff made a loan with which Defendant; and (2) give the time periods upon which those loan agreements were made. Thus, the Defendant's motion for a more definitive statement shall be granted and at this time the Defendant's motion to dismiss shall be denied.

In addition, Plaintiffs failed to respond to this motion until seventy-eight days after being served. Parties have ten days in which to reply to a motion or it can be deemed as unopposed. Unif. Local Rule 7.2(C)(2). The Court can then grant the motion as unopposed. Id. Counsel is reminded to file responses in a timely fashion or ask the Court for an extension of time.

THEREFORE, it is hereby ORDERED that Defendants' motion for a more definitive statement (docket entry 34) is GRANTED, and Defendants' motion to dismiss is DENIED.

SO ORDERED, this the 19th day of October 2005.

/s/ Glen H. Davidson
Chief Judge