IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDGAR & MARTHA ALEXANDER, et. al.                                    PLAINTIFFS

VS.                                                             No. 1:03cv91-D-D

EASY FINANCE OF NEW ALBANY, INC.,
EASY FINANCE OF TUPELO, INC., AND
EASY FINANCE OF BOONEVILLE, INC                                      DEFENDANTS

SUPERCEDING OPINION GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendants' motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted in part and denied in part

*A. Factual and Procedural Background*

The Plaintiffs originally filed this action in the Circuit Court of Monroe County, Mississippi, on December 18, 2002, against a sole defendant, Easy Finance. The Plaintiffs alleged that the Defendants wrongfully charged excessive fees on loans, fraudulently misrepresented credit life insurance, and acted unconscionably in their business dealings with Plaintiffs. On February 14, 2003, Easy Finance removed the action to this Court asserting Federal Question jurisdiction. After a series of filing and discovery disputes, it was discovered that Easy Finance was not the correct defendant in this case. On April 16, 2005, the parties and this Court held a telephone conference where it was determined by this Court that Easy Finance was not the proper defendant, and this Court gave the Plaintiffs fifteen days to amend their complaint. On May 6, 2005, the Plaintiffs filed their Amended Complaint and named the current Defendants in this action. On June 29, 2005, the Defendants moved this Court to require the Plaintiffs to plead a more definitive statement or in the alternative to dismiss this case. The Plaintiffs failed to respond the Defendants' motion for seventy-

eight days. On October 19, 2005, this Court issued an order requiring Plaintiffs to plead a more definitive statement within thirty days. The thirty day deadline passed without a response or filing from the Plaintiffs. On November 29, 2005, the Defendants moved this Court to dismiss this action due to Plaintiffs' failure to comply with this Court's order under Rule 41(b) of the Federal Rules of Civil Procedure. On December 2, 2005, the Court received by mail Plaintiffs' motion for additional time. This was Plaintiffs' first communication with this Court in forty-three days.

On December 5, 2005, this Court entered an order denying Defendants' motion to dismiss, granting Plaintiffs' motion for additional time to amend its complaint and imposing sanctions. The Court found that the Plaintiffs had acted in an unreasonable, vexatious and reckless manner. The Court sanctioned the Plaintiffs in the amount of $200.

On December 19, 2005, the Plaintiffs complied with this Court's order by submitting an Amended Complaint. On December 27, 2005, the Plaintiffs moved to alter that Amended Complaint. That motion was granted in an order dated February 22, 2006. The Plaintiffs submitted their Amended Complaint on March 1, 2006. On April 24, 2006, this Court granted the Defendants' motion for extension of time to answer Plaintiffs' Amended Complaint until ten days after the Court's action on the Defendants' motion to dismiss.

On April 21, 2006, the Defendants again moved for this Court to dismiss the Plaintiffs' claims in their entirety. On May 30, 2006, this Court denied the Defendants' motion to dismiss, stating that the Plaintiffs had substantially complied with the Court's previous orders. In addition, the Court stated that it would revisit some of the Defendants' arguments at the close of discovery.

The Defendants now move this Court to grant them summary judgment on almost all of the Plaintiffs' claims. The Defendants state that five of the Plaintiffs never conducted business with the Defendants. However, the Defendants fail to name those five Plaintiffs. In addition, the Defendants

argue that the statute of limitations bars the claims of forty Plaintiffs. The Defendants further argue that six Plaintiffs had binding arbitration agreements and should be compelled into arbitration. The Defendants also state that the Plaintiffs' claims are misjoined and should be severed. Finally, the Defendants argue that sole remaining Plaintiff's claims are without merit.

The Plaintiffs respond stating that the Defendants committed fraud and misrepresentation against individuals and that equitable tolling should apply. The Plaintiffs argue that they lack sufficient education and did not have the ability to calculate their own interest. In addition, the Plaintiffs argue that the Defendants have waived arbitration by failing to raise that defense prior to this motion. Finally, the Plaintiffs argue that the claims are not misjoined and that the Defendants have not met their burden for summary judgment against the Plaintiffs.

### B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 (C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

### C. Applicable Law

Federal Courts sitting in diversity must apply state substantive law. See Krieser v. Hobbs, 166 F.3d 736, 739 (5th Cir. 1999). "The core of what has become known as the 'Erie Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law." Hanley v. Forrester, 903 F.2d 1030, 1020 (5th Cir. 1990) (*citing* Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938)). When deciding an unsettled issue of state law, this Court must consider how the Mississippi Supreme Court has, or would, interpret the question. See Batts v. Tow-Motor Forklift Co., 978 F.2d 1386, 1389 (5th Cir. 1992) (*citing* American Waste & Pollution Control Co. V. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991)). The Court must first determine whether any final decisions of the Mississippi Supreme Court are dispositive. See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992). When a Court must make an Erie guess, it is not the Court's role to create or modify state law, but rather only to predict it. Batts, 978 F.2d at 1386.

### D. Discussion

#### 1. Statute of Limitations

"All actions for which no other period of limitation is prescribed shall be commenced within

three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (Rev. 2003). The Mississippi Supreme Court has held that claims of breach of a fiduciary duty, misrepresentation and conspiracy are subject to a three-year statute of limitations. Carter v. Citigroup, Inc., 938 So. 2d 809, 817 (Miss. 2006); Am. Bankers' Ins. Co. v. Wells, 819 So. 2d 1196, 1200 (Miss. 2001). The Mississippi Supreme Court has also applied a three-year statute of limitations to the claim of fraudulent concealment. Stephens v. Equitable Life Assurance Society, 850 So. 2d 78, 82 (Miss. 2003); Sanderson Farms Inc. v. Ballard, 917 So. 2d 783, 789 (Miss. 2005) (fraudulent inducement and fraudulent concealment claims have a three-year statute of limitations and fraud claims accrue at the time of the completion of a sale induced by false representations or consummation of the alleged fraud).

The Mississippi Code provides that:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. 15-1-67 (Rev. 2003). "Under the doctrine of fraudulent concealment, the running of the statute of limitations is tolled." Andrus v. Ellis, 887 So. 2d 175, 181 (Miss. 2004); Stephens, 850 So. 2d at 83. There are two elements required to prove fraudulent concealment: (1) subsequent affirmative acts of concealment by the Defendant, and (2) due diligence on the part of the Plaintiff. Id. The Plaintiff must show that the Defendant committed a subsequent affirmative act or acts that were designed to prevent the Plaintiff from discovery his claim and did prevent discovery of the claim. Stephens, 850 So. 2d at 83-84. Then, the Plaintiff must show that despite his due diligence the Plaintiff was unable to discover the claim. Id.

In the case *sub judice*, the Plaintiffs allege that they were unaware of the Defendants'

wrongful conduct until just prior to the filing of this lawsuit. The Plaintiffs claim that the Defendants improperly required insurance in order to obtain the subject loans and wrongfully concealed the commissions the Defendants would earn on those insurance premiums. In addition, the Plaintiffs allege that the Defendants concealed the method for calculating interest. Finally, the Plaintiffs sole argument for equitable tolling is that the Plaintiffs lacked sufficient education to appreciate the content of the loan documents.

This controversy implicates the law of contracts and the execution of documents. "In Mississippi, a person is charged with knowing the contents of any document he executes." Russell v. Performance Toyota, Inc., 826 So. 2d 719, 725 (Miss. 2002) (citing J.R. Watkins Co. v. Runnels, 172 So. 2d 567, 571 (1965) ("A person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him.")). "A person is under no obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed be reading the contract." Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So. 2d 1254, 1257 (Miss. 1991). "To permit a party when sued on a written contract, to admit he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts." Alliance Trust Co., Ltd. v. Armstrong, 186 So. 633, 635 (Miss. 1939).

The Court is of the opinion that the Plaintiffs' argument for equitable tolling fails. The Plaintiffs have failed to allege a subsequent act of concealment. In addition, the Plaintiffs' filings lack even a hint of due diligence by the Plaintiffs. Thus, the Plaintiffs' argument fails and the statute of limitations defense will succeed against the applicable Plaintiffs. The Court notes that this lawsuit was filed on December 18, 2002. Thus, applying the applicable three-year statute of limitations, all

claims associated with loans issued before December 18, 1999, are barred as a matter of law. Thus, the claims of the following Plaintiffs are dismissed as a matter of law: Edgar Alexander, Martha Alexander, Eddie Anderson, Virginia Anderson, Willie Anderson, Alice Anderson, Dewayne Boyd, Betty Boyd, Henry Cameron, Kandis Cameron, Katie L. Cox, Joyce Cunningham, Larson Garner, Kristie Garner, Josephine Gillard, William Hatch, Betty Hatch, Ronnie Johnson, Juanita Johnson, Luther Jones, Annie Jones, Sharon Jones, Kenneth Keys, Lee Mosley, Gwenda Mosley, Cleophus Robinson, Melvin Shackleford, Deborah Shackleford, Mary Simmons, Corey E. Smith, Lorene Smith, Mary Francis Thomas, Hattie Elaine Tucker, Jerry Waldrop, Melissa Waldrop, and Alice Williams.

2.  Arbitration Agreements

The Defendants next argue that Plaintiffs Willie Lee Brown, Sr., Robert Finley, Annette Foster, Kelly Turner, Lisa Turner and Rosemary Wilson all signed "Alternative Dispute Resolution Agreements." Thus, the Defendants move that these Plaintiffs be compelled to arbitrate their claims and these proceedings be stayed as to those Plaintiffs. The Plaintiffs counter that the Defendants waived their right to arbitrate in this case. The Plaintiffs argue that this represents the first time that the Defendants raised the arbitration issue and that the Plaintiffs' Amended Complaint was filed over nineteen months ago.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 - 16, provides that a written arbitration provision contained in a contract involving commerce is valid, irrevocable, and enforceable. 9 U.S.C. § 2. The FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 105 S. Ct. 852, 857, 79 L. Ed. 2d 1 (1983); Mouton v. Metropolitan Life Ins. Co., 147 F.3d 453, 456 (5th Cir. 1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. OPE Int'l LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445 (5th Cir. 2001). First, the court must determine whether the parties agreed to arbitrate the dispute. OPE Int'l, 258 F.3d at 445. In conducting this inquiry, the court must determine whether a valid agreement to arbitrate exists, and whether the dispute in question falls within the scope of that arbitration agreement. Id.; Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1065 (5th Cir. 1998). Once the court finds that the parties agreed to arbitrate the claims, it must consider whether any federal statute or policy renders the claims nonarbitrable. OPE Int'l, 258 F.3d at 446.

Arbitration agreements are a matter of contract between the parties. Washington Mutual Finance Group, LLC v. Bailey, 334 F.3d 260, 264 (5th Cir. 2004). Accordingly, the question of whether the parties formed a valid agreement to arbitrate is a matter governed by the principles of state contract law. May v. Higbee Co., 372 F.3d 757, 764, (5th Cir. 2004). Under Mississippi law, the elements of a valid contract are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. Mauldin Co. v. Lee Tractor Co. of Miss., Inc., 920 So. 2d 513, 514 (Miss. Ct. App. 2006); Rotenberry v. Hooker, 864 So. 2d 266, 270 (Miss. 2003).

In the case *sub judice*, the Court is of the opinion that the parties intended to arbitrate such a dispute. In addition, the Court finds that a valid arbitration agreement existed and the dispute in this lawsuit falls within that arbitration agreement. The Court notes that the Plaintiffs have filed several Amended Complaints, including the latest on March 1, 2006. Thus, the Plaintiffs' main argument against arbitration is that the Defendants waived their rights to arbitration by not raising

this issue at an earlier time. The Court now addresses this narrow issue.

The Fifth Circuit has held that waiver of arbitration is not a favored finding and there is a presumption against it. Cargill Ferrous Int'l v. Sea Phoenix MV, 325 F.3d 695, 700 (5th Cir. 2003); Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999); see Steel Warehouse Co. v Abolone Shipping Ltd. of Nicosai, 141 F.3d 234, 237 (5th Cir. 1998); see also Leadertex Inc. v. Morganton Dyeing and Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995) (stating waiver of arbitration "is not to be lightly inferred" in light of the strong federal policy favoring arbitration). A waiver of arbitration occurs when a party's participation in the litigation has been so substantial that compelling arbitration would prejudice the non-moving party. Sea Phoenix MV, 325 F.3d at 700. "The question of whether a movant's participation in the litigation has been substantial enough to constitute waiver is fairly strict: waiver of an arbitration right will not be lightly inferred without some showing of prejudice." Id. (*quoting* Ventura Maritime Co. Ltd. v. ADM Export Co. 44 F. Supp. 2d 804 (E.D. La. 1999)). The Fifth Circuit stated in Sea Phoenix MV that the proper test in determining whether a party waived its right arbitration was whether its participation in the litigation prejudiced the other party. Id. To invoke the judicial process "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Subway, 169 F.3d at 329. Further, "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." Id. at 328.

In addition to the invocation of the judicial process, the non-moving party must suffer prejudice before the court will find that arbitration has been waived. Republic Insurance Company v. Paico Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004). "[F]or purposes of a waiver of an arbitration agreement: 'prejudice... refers to the inherent unfairness in terms of delay, expense, or

damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue'" Subway 169 F.3d at 327 (*quoting* Doctor's Assocs v. Distajo, 107 F. 3d 126, 134 (2d Cir. 1997)). Ultimately, "[t]he question of what constitutes waiver of a right of arbitration depends on the facts of each case." Teeneco Resins, Inc. v. Davy Int'l, AG, 770 F.2d 416, 420 (5th Cir. 1985). In Republic Insurance Company, the Fifth Circuit found the following three factors were relevant in making a prejudice determination: (1) pre-trial activity related to all of the parties' claims, including those that are arbitrable; (2) the time and expense in discovery, summary judgment motions, and other pre-trial activity; and (3) a party's failure to timely assert to right to arbitrate a dispute. 383 F. 3d at 346.

In the case *sub judice*, the Court notes that this case is four years old and has been plagued by delay on both sides. The Court also notes that the Defendants have asserted their right to arbitration in both their original Answer and their Answer to the Plaintiffs' Amended Complaint. The Court further notes that the Plaintiffs contributed significantly to the delay of this case. The Court had to order that the Plaintiffs submit a more definitive statement and the Plaintiffs moved to amend their Complaint several times. On the other hand, the Court notes that the Plaintiffs have spent considerable amounts of time and money in discovery and other pre-trial activity. This pre-trial activity likely included addressing the arbitrable claims.

The Court is of the opinion that the Plaintiffs would have participated in discovery and spent time and expense in this case whether these six Plaintiffs were involved or not. The case originally had fifty-two Plaintiffs and their claims are substantially similar. Thus, the Court finds that the Plaintiffs did not spend any additional time or cost in addressing these claims. In addition, the Court finds that the Defendants raised the arbitration defense in their answers and at the first opportunity after discovery. Therefore, the Court is of the opinion that the Plaintiffs will not be prejudiced by

compelling their claims into arbitration. Thus, the Court finds that Plaintiffs Willie Lee Brown, Sr., Robert Finley, Annette Foster, Kelly Turner, Lisa Turner, and Rosemary Wilson's claims are compelled into arbitration. As such, the claims of these Plaintiffs shall be dismissed. Section 3 of the Federal Arbitration Act provides that, upon a showing that the issues involved in an action are properly referable to arbitration, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Fifth Circuit has ruled, however, that Section 3 of the FAA does not limit dismissal of a case in the proper circumstances and that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that retaining jurisdiction and staying an action "serve[s] no purpose" when all issues are arbitrable); Fedmet Corp. v. M/V Buyalyk, 194 F.3d 674, 678 (5th Cir. 1999).

3. Other Grounds for Summary Judgment

Although the Defendants have moved for summary judgment on other grounds, the Court is of the opinion that the Defendants have not met their burden. The court finds that genuine issues of material fact exist, and that the Defendants have failed to show that they are entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow all claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

*E. Conclusion*

In sum, the Court finds that the claims of thirty-six Plaintiffs are barred by the statute of limitations. As such, the Defendants are granted judgment as a matter of law against those Plaintiffs

named above. In addition, the Court finds that the claims of six Plaintiffs are compelled to arbitration and their claims are dismissed from this case. Furthermore, the Defendants recently filed a motion to dismiss the claims of P.A. Cameron, Donna L. Jackson, Bobby Robinson, George Simmons, and Earlene Simmons. The Defendants claim that these Plaintiffs never conducted business with the Defendants. In their motion for summary judgment, the Defendants asserted that Plaintiffs' counsel had agreed to dismiss those Plaintiffs at an earlier time. The Court will wait on the Plaintiffs' response before ruling on such a motion. In addition to those five Plaintiffs, the following Plaintiffs' claims survive summary judgment and shall proceed to trial: Mary Lou Boyd, Sharon Boyd, David Pratt, Brenda Pratt, and Walter Rodgers.

A separate order in accordance with this opinion shall issue this day.

This the 24th day of January 2007.

/s/ Glen H. Davidson
Chief Judge